O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENAY FRENCH, | ) Case No. EDCV 10-1595 RNB<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) ORDER REVERSING DECISION OF<br>) COMMISSIONER AND REMANDING |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) FOR FURTHER ADMINISTRATIVE<br>) PROCEEDINGS<br>) |
| Defendant. | ) |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

**A.** <u>**The Administrative Law Judge ("ALJ") failed to properly consider the lay witness testimony of plaintiff's case manager.**</u>

The first disputed issue is directed to the ALJ's failure to fully credit the

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

statements contained in the third party function report completed on December 29, 2008 by plaintiff's case manager, Mr. Estrada. (See AR 141-48.)

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ purported to provide four reasons for only partially crediting the statements contained in Mr. Estrada's third party function report, which the Court will address in turn.

First, the ALJ noted that Mr. Estrada's statements were not given under oath. (See AR 13.) However, the third party function report form completed by Mr. Estrada is an SSA form that does not require verification. Moreover, the Commissioner's regulations require the ALJ to "carefully consider" other evidence such as third party reports **when** the symptoms "suggest a greater severity of impairment than can be shown by objective medical evidence alone." See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also, e.g., Smith v. Astrue, 2011 WL 672601, *4 (C.D. Cal. Feb. 17, 2011) (treating statements in third party function report as "testimony" for purposes of applying standard cited above); Baker v. Astrue, 2009 WL 2231680, *9 (C.D. Cal. July 22, 2009) (same). Although Social Security Ruling 06-3p permits the ALJ to consider "any other factors that tend to support or refute the evidence," the Court disagrees with the Commissioner's implicit contention that the mere fact a third party function report is unsworn in itself constitutes a factor that tends to support or refute such evidence. Accordingly, the Court finds that the ALJ's first reason is not a bonafide reason for not crediting Mr. Estrada's statements.

Second, the ALJ purported to cite inconsistencies between Mr. Estrada's statements about plaintiff's limitations and other statements in Mr. Estrada's report

about activities that plaintiff remained capable of performing. (See AR 13.) The Court finds that the latter statements, one of which the ALJ mischaracterized,[2] are not germane to Mr. Estrada's statements about plaintiff's limitations, including statements about plaintiff's limitations that the ALJ selectively omitted to mention.

Third, the ALJ noted that Mr. Estrada did not have a "longitudinal relationship" with plaintiff since he had only known her for 6 months. (See AR 13.) However, the ALJ did not elaborate on this statement. For example, contrary to the Commissioner's characterization (see Jt Stip at 15), the ALJ did not "correctly note[] that the third party statements (given in December 2008) were not consistent with the longitudinal objective medical records (which spanned a period from September 2008 to April 2010)." The Court notes that the six-month period during which Mr. Estrada observed plaintiff on a daily basis encompassed the date on which plaintiff filed her benefits application and that, even if Mr. Estrada's statements were not probative of plaintiff's limitations prior to June 30, 2007, her date last insured for purposes of Title II benefits, they still were probative of plaintiff's limitations for purposes of her application for Title XVI benefits. The Court therefore finds that the ALJ's third stated reason is not germane to the testimony that the ALJ purported not to credit.

Finally, the ALJ stated, "the case manager's assertions about the claimant's disability are not supported by objective medical evidence." (See AR 14.) As the Commissioner points out, in Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005), the Ninth Circuit held that inconsistency with medical evidence qualified as a legitimate reason for discrediting the testimony of lay witnesses. Here, however, the ALJ did not use the word "inconsistent," or specify any objective evidence of

---

[2] Contrary to the ALJ's characterization, Mr. Estrada did not state that plaintiff could maintain all of her personal care needs without help. In response to the question on the form, "Does he/she need any special reminders to take care of personal needs and grooming," Mr. Estrada checked off the "yes" box and then elaborated on the help that was needed. (See AR 143.)

3

record with which the case manager's testimony was inconsistent. Rather, the ALJ merely asserted conclusorily that the case manager's assertions were "not supported by objective medical evidence." The Court concurs with plaintiff that this purported reason constitutes an invalid reason for rejecting the testimony of lay witnesses under Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996). There, the Ninth Circuit held that the rejection of lay witness testimony because it was not corroborated by the claimant's medical records "violates Social Security Ruling ["SSR"] 88-13 [since superseded by SSR 95-5p], which directs the ALJ to consider the testimony of lay witnesses where the claimant's alleged symptoms are unsupported by her medical records." See also Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) ("Nor under our law could the ALJ discredit her lay testimony as not supported by medical evidence in the record."). Moreover, this third purported reason also violated the Commissioner's regulations cited above.

**B.     The ALJ failed to properly consider the opinions of plaintiff's treating physician, Dr. Amador.**

The second and third disputed issues are directed to the ALJ's rejection of the opinions of plaintiff's treating physician, Dr. Amador, in favor of the conflicting opinions of the two State Agency review physicians, Drs. Smith and Paxton, in making his determination of plaintiff's residual functional capacity ("RFC").

Specifically, plaintiff contends that the ALJ erred in not crediting Dr. Amador's opinions, rendered on April 5, 2010, that plaintiff inter alia (1) was unable to maintain a sustained level of concentration, (2) was unable to sustain repetitive tasks for an extended period, (3) was unable to adapt to new or stressful situations, and (4) was unable to interact appropriately with family, strangers, co-workers, and supervisors. (See AR 659.) The Court notes that Dr. Amador had rendered essentially the same opinions approximately a year earlier, on March 18, 2009. (See AR 393.)

It is well established in this Circuit that a treating physician's opinions are

entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Plaintiff is correct that the conflicting opinions of the two State Agency review physicians in themselves do not constitute substantial evidence that justified the rejection of Dr. Amador's opinion(s). See Lester, 81 F.3d at 831.

The ALJ purported to provide reasons for why he gave "little weight" to global assessment of functioning ("GAF") scores assessed by plaintiff's treating physicians at Riverside Mental Health on various dates. (See AR 15.) However, the only specific "reason" seemingly provided by the ALJ for not crediting the four opinions of Dr. Amador cited above that are reflected on the April 5, 2010 narrative report form is that Dr. Amador "acknowledged upon mental examination that the claimant's thought processes were concrete; her memory was only mildly impaired; her judgment was intact; she had no psychosis; [and] her attitude was pleasant." (See AR

14.) Like plaintiff, the Court fails to see the inconsistency between those observations by Dr. Amador and the four opinions of Dr. Amador cited above that the ALJ implicitly was rejecting.[3] Put another way, the Court finds that the one "reason" provided by the ALJ for implicitly rejecting the four opinions of Dr. Amador cited above does not constitute a specific and legitimate reason.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily

---

[3] The Court notes that there are treatment notes in the file from Dr. Amador that do appear to be inconsistent with Dr. Amador's April 5, 2010 opinion that plaintiff's ability to concentrate was impaired. (See, e.g., AR 624 (10/20/08), 626 (11/17/08), 200 (12/3/08), 479 (10/19/09), 472 (11/16/09), 525 (12/7/09), 605 (1/30/09), 595 (4/6/09), 589 (5/1/09), 580 (5/22/09).) However, plaintiff's inability to maintain a sustained level of concentration was only one of the opinions rendered by Dr. Amador on April 5, 2010. Moreover, the ALJ did not cite the inconsistency between that opinion and Dr. Amador's longitudinal treatment notes as a reason for implicitly rejecting any of the four opinions cited above, and the Court is unable to consider a reason not articulated by the ALJ. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

1 delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings (including possibly a consultative mental examination) conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[4]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's

---

[4] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

7

1 credibility where the record contained insufficient findings as to whether the
2 claimant's testimony should be credited as true.  See id.
3 　　　Based on its review and consideration of the entire record, the Court has
4 concluded on balance that a remand for further administrative proceedings pursuant
5 to sentence four of 42 U.S.C. § 405(g) is warranted here.  Accordingly, IT IS
6 HEREBY ORDERED that Judgment be entered reversing the decision of the
7 Commissioner of Social Security and remanding this matter for further administrative
8 proceedings.[5]

10 DATED: July 18, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not the Court's intent to limit the scope of the remand.